# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KORRIN B. STEWART, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-07-072-SPS |

## OPINION AND ORDER

The claimant Korrin B. Stewart requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 ("Title XVI"). The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under Title XVI is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled "only if his physical or mental impairment or impairments are of such severity

that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 1382c(a)(3)(B). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v.*

---

[1] Step one requires claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. 20 C.F.R. § 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is other work the claimant can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience, and RFC. Disability benefits are denied if the Commissioner can show that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on May 31, 1985, and was twenty (20) years old at the time of the administrative hearing. She has a GED from an alternative school (where she attended special education classes) and has previously worked as a cashier and fast food worker. The claimant alleges she has been unable to work since April 9, 1999 due to HIV, nausea, fatigue, dizziness, vomiting, Attention Deficit Disorder (ADD), dyslexia, depression, and Post Traumatic Stress Disorder (PTSD).

**Procedural History**

On May 3, 2004, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The application was denied. ALJ Michael Kirkpatrick conducted a hearing and found that the claimant was not disabled on August 7, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step two of the sequential evaluation. He determined that the claimant's impairments were not severe, finding that there was "an excellent longitudinal picture concerning claimant's HIV, and it simply does not support a finding of

functional limitations." (Tr. 15). The ALJ did not consider whether the claimant had a mental impairment that might be severe.

## Review

The claimant contends that the ALJ erred: (i) by failing to analyze her mental impairment in accordance with the governing regulations; and (ii) by failing to fully consider the impact of the symptoms of HIV on her ability to work. The Court finds that reversal is required because the ALJ *did* fail to properly analyze the claimant's mental impairments.

"When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of Impairments and document the procedure accordingly." *Cruse v. U.S. Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). In conducting this analysis, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. § 404.1520a(b)(1), and then determine the degree of function that the claimant has lost as a result of the impairment by assessing the claimant's level of functioning in four specific areas. *Cruse*, 49 F.3d at 617. The four broad areas of function are the following: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and (iv) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The ALJ must assess the degree of functional loss in each area on a five-point scale. The first three areas utilize descriptive terms of none, mild, moderate, marked, and extreme. The fourth area utilizes numerical terms of none, one to two, three, and four or more. 20 C.F.R. § 404.1520a(c)(4).

There clearly *was* evidence in the record that the claimant had mental impairments, *e. g.*, she took medication for depression at various times after the onset date (Tr. 80, 81, 115, 134, 137, 157, 179, 198, 206, 242, 243, 248, 254, 262, 268, 337, 339, 340, 342, 347, 348, 389, 419), she reported depression quite frequently (Tr. 115, 134, 157, 179, 247, 248, 289, 291, 295, 302, 304, 314, 319, 326, 330-31, 336, 344, 346, 355, 391, 393), it was noted she appeared anxious (Tr. 306, 317, 338, 374, 382, 392), she had a history of an eating disorder (Tr. 289, 291, 295, 302, 304, 309, 314, 319, 322, 326, 328, 334, 341, 344, 364, 369, 372, 380, 388, 391, 395, 398, 400), it was noted she had PTSD (Tr. 320, 329, 350, 354, 373, 393, 399), and she mutilated herself on at least two occasions (Tr. 80, 154, 247, 349, 391, 419-20). The psychiatric review technique should therefore have been applied to the claimant's mental impairments, but as the Commissioner himself admits, the ALJ failed to do this. Instead, the ALJ simply stated in conclusory fashion that the "[c]laimant's physical and mental status do not significantly interfere with the performance of substantial gainful work activity." (Tr. 15). *See, e. g., Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989) ("[E]vidence is not substantial *. . . if it really constitutes mere conclusion*.") [emphasis added], *citing Fulton v. Heckler,* 760 F.2d 1052, 1055 (10th Cir. 1985) and *Knipe v. Heckler,* 755 F.2d 141, 145 (10th Cir. 1985).

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly evaluate the claimant's mental impairment and determine what impact, if any, such evaluation has on the claimant's disability determination.

**Conclusion**

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 27th day of March, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**